

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-18-00003-CR
_____

KEVIN ELMORE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 106th District Court
Lynn County, Texas
Trial Court No. 17-3234, Honorable Carter T. Schildknecht, Presiding

January 12, 2018

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PARKER, JJ.

Appellant Kevin Elmore attempts to appeal the revocation of his probation for aggravated assault on a family member and sentence to ten years' imprisonment. We dismiss the appeal for want of jurisdiction.

Appellant's sentence was imposed on November 7, 2017. Because appellant did not file a motion for new trial, his notice of appeal was due within thirty days, by December 7, 2017. *See* TEX. R. APP. P. 26.2(a)(1) (stating that a notice of appeal must be filed

within thirty days after the day sentence is imposed in open court).  Appellant did not file a notice of appeal until December 18, 2017.

A timely notice of appeal is required to invoke this court's appellate jurisdiction. *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012).  If the notice is untimely, a court of appeals can take no action other than to dismiss the proceeding for lack of jurisdiction.  *Id.*  A court of appeals may extend the deadline to file a notice of appeal if, within fifteen days of the deadline for filing the notice, the appellant files a notice of appeal in the trial court and, within that same fifteen-day deadline, files a proper motion to extend the time to file a notice of appeal in the appellate court.  TEX. R. APP. P. 26.3, 10.5(b); *Castillo*, 369 S.W.3d at 198 n.10.  Although appellant filed his notice of appeal within the fifteen-day extension period, he did not file a motion for extension.[1]  *See* Olivo v. State, 918 S.W. 2d 519, 523 (Tex. Crim. App. 1996).  Appellant's failure to timely file a notice of appeal, therefore, prevents this court from exercising jurisdiction over his appeal.[2]

We dismiss the appeal for want of jurisdiction.


Per Curiam


Do not publish.

---

[1] Appellant's notice of appeal provides "[t]he Defendant will ask the Court of Appeals for permission to file a Late Notice of Appeal within the 15 Day window period."  However, no such motion was filed.

[2] The appropriate vehicle for seeking an out-of-time appeal from a final felony conviction is by writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure.